UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL MCGARY,

               Plaintiff,

     v.

TIM BROWN, *et al*,

               Defendants.

Case No. C06-5108RJB

ORDER TO SHOW CAUSE

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of plaintiff's complaint. After reviewing plaintiff's response and the balance of the record, the Court finds and orders as follows:

      A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

      The court also "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. Wong v. Bell, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also Sparling v. Hoffman Construction Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988); Omar v. Sea-Land Service,

ORDER
Page - 1

1    Inc., 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss
2    deficient complaint); Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979).

3        To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of
4    was committed by a person acting under color of state law and (ii) the conduct deprived a person of a
5    right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor,
6    451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section
7    1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
8    Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

9        Plaintiff also must allege facts showing how individually named defendants caused or personally
10   participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
11   1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
12   responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58
13   (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v.
14   Palches, 665 F.2d 965, 968 (9th Cir. 1982).

15       In his complaint, plaintiff has named Tim Brown, Henry Richards, Kristal Dixon, Mary Steurgeon,
16   Bruce Duthie, Belinda Stewart, and Vince Gollogly in this case, but they all appear to have been named
17   solely on the basis of their supervisory responsibility or position. Complaint, pp. 4-6. As such, they cannot
18   be held liable under a section 1983 claim. Plaintiff also has named a number of other defendants in this
19   case. He has failed, however, to allege facts sufficient to show how any of their actions, even if true,
20   amounted to a violation of federal law or the United States Constitution.

21       For example, plaintiff alleges that Daniel Yanisch provoked, enticed and harassed him, that Jack
22   Sowers admitted he had been "responsible" for some of his "abuse" and "made a statement that he is not
23   willing to release," and that Walter Weinberg "encouraged the inmates to induce a [sic] environment to
24   cause paroxym 'decompensate'" him and knew "his mental state was vulnerable to this institutional
25   environment." Id. at pp. 4-5. Neither of the above allegations against defendants Yanisch and Sowers as
26   such state a federal claim. In addition, while it is possible plaintiff is making an Eighth Amendment claim
27   against defendant Weinberg, it is not at all clear as phrased that this is plaintiff's intent. Indeed, the claim
28   against defendant Weinberg is difficult to decipher to say the least.

    Plaintiff does further allege defendant Yanisch "committed fraud and conspiracy" in evaluating him

1  in June 2004, and August 2005, in violation of the "Stipulation Agreement." <u>Id.</u> at pp. 8-9.  He also
2  accuses defendant Yanisch of entrapping and "further shocking his senses due to his lack of evidence." <u>Id.</u>
3  at p. 9.  Plaintiff, however, must do more than merely set forth a conclusory statement regarding alleged
4  fraud, conspiracy and entrapment.  In addition, plaintiff has not shown how defendant Yanisch's alleged
5  actions amount to a violation of federal law or the United States Constitution.
6      Plaintiff alleges Alan Nerio "alleged he had psychosis and was in decompensation to cover up what
7  had happen [sic] at the SCTF." <u>Id.</u> at p. 5.  Again though, it is difficult to determine exactly what plaintiff
8  is referring to here, and, in any event, as stated, this claim fails to amount to an alleged violation of federal
9  law.  Plaintiff alleges Paul Spizman was "knowledgable to security calling" him a racial epithet, but took no
10 action. <u>Id.</u>  However, plaintiff has not shown defendant Spizman had any responsibility to do so, or, even if
11 he did, that a failure to do anything amounted to a constitutional violation.  The same is true regarding
12 plaintiffs claims against Holly Coryell, whom plaintiff alleges "mislead" his therapist "to write a [sic]
13 erroneous evaluations" concerning his "progress." <u>Id.</u> at p. 6.
14     It is arguable plaintiff has stated a due process claim against Tana Woods, whom he alleges had
15 "signed off on all of" his "disciplinary reports now used to confine" him at the SCC, "even though he was
16 denied due process at every hearing due to the cover up of attempted demise." <u>Id.</u>  This statement,
17 however, is largely conclusory, and fails to state sufficiently specific facts to support plaintiff's claim.
18 Plaintiff states Victoria Roberts is being "sued for turning over" his "department of correction [sic]
19 infraction history to the Prosecutor's office, and for discluding [sic] certain received reports (Burglaries)
20 that discluded [sic] them in the referral." <u>Id.</u>  In addition to again being difficult to decipher, this claim is
21 wholly deficient in terms of stating a violation of federal law.
22     Plaintiff states J. R. Wheeler is being sued for the following reasons:
23   [R]ailroading the Plaintiff based on discovery, he failed to report work history, and used
     displinary [sic] reports to conclude his acturials [sic] and risk criteria, and discluding
24   [sic] mitigating factors and wrote a report based on erroneous reports when he had no
     jurisdiction due to Plaintiff's failure to commit a recent overt act.
25
26 <u>Id.</u> at p. 7.  As with many of the claims plaintiff has brought against the above defendants, this claim too,
   even if true, fails to show how the alleged acts amount to a violation of federal law or the United States
27
   Constitution.  The same is true with respect to plaintiff's claim against Leslie Sziebert, who he stated has
28
   been "involved with" SCC residents, "uses there [sic] word to diagnose residents," and "knows" he was

ORDER
Page - 3

"not schizophrenia prone but suffers from senses shock," and with respect to his claim against Mark McClung, who he stated was "responsible for past and current consultants [sic] with" him that had "been unwanted contacts." Id.

Plaintiff's complaint also is deficient in that he seeks injunctive relief ordering defendants "to cease and condem [sic] Social and Health Services." Complaint, p. 16. However, plaintiff does not state what he wishes to be ceased, and the Court does not have the authority to issue an injunction against DSHS, which is not a party to this action. See Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process."). In other words, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Id.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than May 10, 2006**. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action. The amended complaint must carry the same case number as this one.

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 10th day of April, 2006.

Karen L. Strombom
United States Magistrate Judge