1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11
DARNELL MCGARY,

12
                Plaintiff,

13
     v.

14
TIM BROWN, *et al*,

15
                Defendants.

16

Case No.  C06-5108RJB

REPORT AND
RECOMMENDATION DENYING
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

Noted for May 5, 2006

17

18
      This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§

19
636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  This matter

20
comes before the court on plaintiff's motion for temporary and permanent injunctive relief pending current

21
suit (Dkt. #1, attachment) and motion to amend TRO permanent injunctive relief (Dkt. #3).  Having

22
reviewed plaintiff's motions and the remaining record, the undersigned submits the following Report and

23
Recommendation for the Honorable Robert J. Bryan's review.

DISCUSSION

24
      The basic function of preliminary injunctive relief is to preserve the *status quo ante litem* pending a

25
determination of the action on the merits.  Los Angeles Memorial Coliseum Com'n v. National Football

26

27
League, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill either of two

28
standards, the "traditional" or the "alternative":

1
2
3
4

> Under the traditional standard, a court may issue injunctive relief if it finds that (1)
> the moving party will suffer irreparable injury if the relief is denied; (2) the moving
> party will probably prevail on the merits; (3) the balance of potential harm favors the
> moving party; and (4) the public interest favors granting relief. . . . Under the
> alternative standard, the moving party may meet its burden by demonstrating either
> (1) a combination of probable success and the possibility of irreparable injury or (2)
> that serious questions are raised and the balance of hardships tips sharply in its favor.

5  <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987) (citations omitted).  To obtain injunctive relief, the

6  moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention.

7  <u>Caribbean Marine Services Co. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988).

8  Plaintiff has made no showing that either the traditional or alternative standards have been met

9  here.  In particular, plaintiff has not shown a likelihood of success on the merits of his claims. <u>See</u> Order to

10  Show Cause regarding plaintiff's Complaint, dated the same date herewith.  In addition, even if it can be

11  said plaintiff was entitled to it, it is premature at this stage of the proceedings to order permanent injunctive

12  relief in this matter.

13  Finally, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation

14  in which he is not designated as a party or to which he has not been made a party by service of process."

15  <u>Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110 (1969).  In other words, "a court has no

16  power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the

17  defendant." <u>Id.</u> Here, plaintiff requests that the court enjoin the State of Washington Department of Social

18  and Health Services' Special Commitment Center ("SCC") from taking certain actions with respect to its

19  residents.  The SCC, however, is not a party to this action.  As such, the court has no power to grant the

20  injunctive relief requested.

21  Plaintiff does request in his motion to amend that the Court order defendant Sziebert "from

22  anyfurther [sic] diagnosing and using segregation to force compliance with medication when Plaintiff

23  function [sic] better off it, and dening [sic] him a job and recreation." Plaintiff's Motion to Amend TRO

24  Permanent Injunctive Relief on Merits, p. 2.  As discussed above, however, plaintiff has failed to meet

25  either the traditional or alternative standard for obtaining injunctive relief.

26  CONCLUSION

27  For all of the aforementioned reasons, the court should deny plaintiff's motion for temporary and

28  permanent injunctive relief pending current suit (Dkt. #1, attachment) and motion to amend TRO

1  permanent injunctive relief on merits (Dkt. #3).

2          Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),

3  the parties shall have ten (10) days from service of this Report and Recommendation to file written

4  objections thereto. <u>See also</u> Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

5  objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit

6  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **May 5, 2006**,

7  as noted in the caption.

8          The clerk is directed to send a copy of this Order to plaintiff and to counsel for defendants.

9          DATED this 13th day of April, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3